DRUCKER *v.* THE TRAVELERS INS. CO. ET AL.

(Decided March 9, 1935.)

Mr. *John D. Andrews,* Mr. *Oliver M. Dock* and Mr. *Albert F. Weinstein,* for plaintiff in error.

Mr. *Harry S. Wonnell,* for defendant in error The Travelers Insurance Company.

Ross, P. J. This is a proceeding in error to reverse a judgment of the Court of Common Pleas of Butler county rendered in favor of the defendant The Travelers Insurance Company. The trial was to the court without a jury.

The action was brought by Bessie Franklin Drucker on April 18, 1927, who had recovered a judgment against James H. Dutcher, for injuries received by her by reason of the operation of a motor bus under the control of Dutcher, who she alleges was insured by The Travelers Insurance Company against loss by reason of such injuries. The plaintiff received her injuries on October 13, 1923.

The defense of the insurance company was that Dutcher, the insured, had failed to co-operate with the company, in that he had failed to notify the company of the accident, had made no claim therefor, had failed to notify the company of a claim made upon him by the plaintiff, and had not notified the company of the suit brought against him, February 1, 1924.

Dutcher operated a bus out of the city of Hamilton. He found it necessary to secure insurance covering him against loss through injuries to others by reason of the operation of such motor vehicle. He applied to an insurance broker in the city of Hamilton, and asked him, through his clerk, to secure the desired insurance. In due time a policy was issued and sent to the broker, with instructions to collect the premium before delivery. The broker had no authority to write insurance or binders. Dutcher was notified that the policy had

been received. He failed to do anything at any time thereafter in reference to the policy, and it was ultimately returned to the company, and then cancelled and destroyed.

The plaintiff was injured by reason of the operation of the bus, brought suit against Dutcher, and recovered a judgment.

No one in or for the company was ever notified of the claim or action against Dutcher.

The defendant insurance company introduced evidence that the form of the policy used by the company during the period when the policy was issued to Dutcher contained a clause requiring notice of claims and suits against the insured to be given promptly to the insurance company. This was the best evidence obtainable, in view of the destruction of the policy. A form as testified to was offered in evidence.

The insured having failed to comply with the terms of the contract; upon which the plaintiff seeks to recover, the court was justified in dismissing the insurance company and the judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

MATTHEWS and HAMILTON, JJ., concur.